Paul D. Powell (7488)
Traysen N. Turner (16017)
**THE POWELL LAW FIRM**
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
Phone: 702.728.5500 | Fax: 702.728.5501
paul@tplf.com | tturner@tplf.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHERYN HOLCOMB, an individual,<br><br>                    Plaintiff,<br><br>         v.<br><br>TARGET CORPORATION, a foreign corporation; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>                    Defendants. | Case No:  2:24-cv-00118<br><br>**PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>*SPECIAL SCHEDULING REVIEW REQUESTED* |

Pursuant to Fed.R.Civ.P.26(f) and Local Rule 26-1, counsel for the parties conducted a Rule 26(f) discovery conference on January 17, 2024.  After conferring about the case, the parties submit the following Proposed Joint Discovery Plan and Scheduling Order.

1. **Initial Disclosures:** The parties will serve their initial disclosure statements by January 25, 2024, which is 7 days from the filing date of this scheduling order.

2. **Discovery Cut-off Date:** All discovery to be completed no later than **March 7, 2025**, 456 days from the date on which the first answering defendant answered or appeared. **Statement of the necessity of additional time:** The parties anticipate needing additional time to subpoena medical records, provide those medical records to the parties' experts, depose those medical providers and experts, and resolve any discovery disputes arising from that process. In counsel's experience, medical providers often take longer than anticipated to provide complete sets of medical bills and records, which often necessitates stipulations to extend deadlines. Further, plaintiff is still treating related to this case which will require additional time and discovery. To

1

avoid filing stipulations later in the case, the parties are seeking 456 days on the front end to hopefully resolve this matter with as few extensions of the discovery deadlines as possible.

3. **Amending the Pleadings and Adding Parties**: Any motion to amend the pleadings or add parties shall be filed by December 6, 2024, which is 90 days prior to the discovery cutoff.

4. **Expert Disclosures**: The parties propose the following schedule:

- The parties' initial expert disclosures shall be served January 6, 2025, 60 days prior to the discovery cutoff.

- The parties' rebuttal expert disclosures shall be served February 5, 2025 30 days after the initial disclosure of experts.

5. **Dispositive Motions:** Dispositive motions, if any, shall be filed by April 7, 2025, which is 30 days after discovery cutoff.

6. **Pretrial Order:** A Joint Pretrial Order shall be filed by May 7, 2025, which is 30 days after the deadline for filing dispositive motions.  However, if any dispositive motions are filed, then the Joint Pretrial Order shall be due 30 days after decision on such motion(s).  Disclosures under Fed. R. Civ. P. 26(a)(3), and any, objections thereto, shall be included in the Joint Pretrial Order.

7. **Alternative Dispute Resolution:** The parties met and conferred regarding the possibility of using alternative dispute resolution processes, namely settlement conference, arbitration and mediation. The parties agree that alternative dispute resolution would not be effective at this time, but they are willing to revisit this issue after conducting discovery.

8. **Alternative Forms of Case Disposition:** The parties met and conferred regarding the use of a magistrate judge for all purposes or to submit to the Short Trial Program. The parties do not agree to have this matter heard by a magistrate judge at this time, but they are willing to revisit this issue at a later time.

9. **Electronic Discovery:** The parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. At this time, the parties have not made any stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

10. **Inadvertent Disclosure**: Pursuant to Fed. R. Evid. 502(d) and (e), the parties both agree and request that entry of this order establish that inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information for purposes of this or any other litigation. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned, stricken or otherwise appropriately handled to reverse the inadvertent disclosure. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request and otherwise cooperate to fulfill this agreement. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed.

11. **Stipulation Protective Order**: Defendant's counsel has provided Plaintiff's Counsel with a Stipulation Protective Order in an effort to avoid unnecessary motion practice, costs to both parties, and unnecessary time expenditure to ensure Defendant's confidential and property information is protected. Plaintiff has agreed to sign the stipulated protective order in this matter to avoid unnecessary motion practice.

. . .

12. **Modifications of Discovery Limits**: The parties believe that they can complete discovery without exceeding the standard limits for depositions and interrogatories.

Dated January 17, 2024.

| | |
|---|---|
| **THE POWELL LAW FIRM** | **LINCOLN, GUSTAFSON & CERCOS, LLP** |
| By: /s/ Paul D. Powell<br>Paul D. Powell (7488)<br>Traysen N. Turner (16017)<br>8918 Spanish Ridge Avenue, Suite 100<br>Las Vegas, NV 89148<br>Attorneys for Plaintiff | By: /s/ Loren S. Young<br>Loren S. Young (7567)<br>Julie A. Funai (8725)<br>7670 W. Lake Mead Boulevard, Suite 200<br>Las Vegas, Nevada 89128<br>Attorneys for Defendant |

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 2/21/2024
CASE NO:

4